UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CHARLES GUNDERSEN, TRACEY GUNDERSEN, and PROHOME TWIN CITIES,

Plaintiffs,

v.

PROHOME, INC., JACK H. SALMANS, SUSAN E. SALMANS, and LARRY W. JOHNSON,

Defendants.

CIVIL NO. 01-1307 (DSD/JMM)

ORDER

The above matter came on for hearing before the undersigned on November 13, 2001 upon Plaintiffs' Motion to Deposit Monies into a Court Supervised and Controlled Bank Account [Docket No. 14].[1] Marc Grant Kurzman, Esq. and Robert Charles Moilanen, Esq. appeared on behalf of Plaintiffs; Jay William Schlosser, Esq. appeared on behalf of Defendants.

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED that Plaintiffs' Motion to Deposit Monies into a Court Supervised and Controlled Bank Account [Docket No. 14] is granted.

Dated: December 20, 2001

JOHN M. MASON
United States Magistrate Judge

1 Plaintiffs' Motion to Deposit Monies into a Court Supervised and Controlled Bank Account [Docket No. 14] was originally filed on September 24, 2001. It was later withdrawn, but on the date of the hearing it was resubmitted with the Court's permission, because the reason for withdrawal was no longer applicable.

FILED DEC 20 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

**MEMORANDUM**

This dispute relates to a Franchise Agreement entered into between Plaintiff Pro-Home Twin Cities, Inc. ("ProHome-TC") and Defendant ProHome, Inc. ("ProHome"). The Franchise Agreement calls for monthly royalty payments from ProHome-TC to ProHome. Plaintiffs[2] seek leave to deposit "monies . . . reflecting all royalty payments to be paid to Defendant ProHome" into a Court-supervised account. Plaintiffs' Memorandum p. 4. They assert that depositing these funds is necessary because, if they are paid to Defendant ProHome, there is a "substantial probability" that Defendant ProHome will "misappropriate" the funds, precluding any future recovery by Plaintiffs. Id. Plaintiffs allege that the individual Defendants are drawing large salaries while draining the assets of Defendant ProHome. Plaintiffs' Memorandum p. 5, n. 3. Plaintiffs have not provided any affidavits to support these factual allegations. Rather, they submitted as an Exhibit to their Memorandum a copy of a fax from Defendant Salmans, the president of ProHome, to Jim Fincher dated June 8, 2001. In it, Salmans states that the company is "tapped out," and that he and Defendant Johnson are "mortgaged to the hilt." (Salmans also states that three different venture capital groups are considering providing financial assistance to ProHome).

Defendants submitted an Affidavit of Larry Johnson, the controller and treasurer of ProHome and an individual Defendant in this case. Johnson avers that the three individual Defendants had a combined salary of $168,000 in 2000. Defendants also

---

2

Plaintiffs assert that they are making this Motion "on behalf of themselves and the entities and individuals identified on Exhibit A to the First Amended Class Action Complaint." Plaintiffs' Memorandum p. 1, Docket No. 16. This case has not been certified as a class action, and none of these other entities and individuals is a party to this action. Therefore, we consider this Motion solely with respect to the named Plaintiffs.

submitted an affidavit from Defendant Salmans. Salmans avers that the average monthly amount due ProHome from ProHome-TC is $4,712, and that ProHome-TC had, as of November 26, 2001, withheld approximately $34,000 in franchise fees due under the Franchise Agreement. He also avers that, to the best of his knowledge, ProHome-TC continues to use and benefit from the use of the ProHome name, although he does not state the basis of this knowledge.

Rule 67 of the Federal Rules of Civil Procedure provides, in relevant part:

> In an action in which any part of the relief sought is a judgment for a sum of money or the disposition of a sum of money or the disposition of any other thing capable of delivery, a party, upon notice to every other party, and by leave of court, may deposit with the court all or any part of such sum or thing, whether or not that party claims all or any part of the sum or thing.

The decision of whether to allow the deposit of funds with the Court is left to the Court's discretion. Garrick v. Weaver, 888 F.2d 687, 694 (10th Cir. 1989). Rule 67 allows the Court to hold funds in trust for the benefit of the party to whom they are found to belong. Baxter v. United Forest Prods Co., 406 F.2d 1120, 1126 (8th Cir. 1969)(citing Branch v. United States, 100 U.S. 673, 674 (1879)).

"Rule 67 was intended to apply only to a fund that is in dispute." Baxter, 406 F.2d at 1126. Defendants argue that the use of Rule 67 in this case is inappropriate because Plaintiffs seek to continue to benefit from their contract with Defendant ProHome while depositing payments due under that contract with the Court. Defendant asserts, citing Baxter, that allowing Plaintiffs to deposit payments with the Court will alter the parties' contractual relationship.

In Baxter, the plaintiffs alleged fraud and misrepresentation in connection with a contract. They affirmed the contract, and moved that all monies due and payable be deposited with the court. Id. at 1122-23. The court held that Rule 67 did not apply

because the funds were not in dispute. Id. at 1126. By affirming the contract and electing to sue in tort, the plaintiffs removed monies due under the contract from dispute. Id. See also Browning Ferris, Inc. v. Montgomery County, 1990 WL 131937 at *2 (E.D. Pa. 1990)(Rule 67 not applicable because fact that payments were due under contract was not in dispute).

The present case is distinguishable from Baxter. In this case, Plaintiffs have not affirmed the Franchise Agreement. Rather, they seek to have the contract terminated and to be relieved of liability for the royalty payments. Under these circumstances, the funds Plaintiffs seek to deposit with the Court are genuinely in dispute, and deposit with the Court under Rule 67 is appropriate. See Gulf States Utilities Co. v. Alabama Power Co., 824 F.2d 1465 (5th Cir. 1987)(applying Rule 67 where parties to contract disagreed on whether plaintiff owed funds due under contract to defendant).

Defendants also assert that Plaintiffs must make a showing of irreparable harm before the Court may exercise its discretion under Rule 67. Defendants do not provide any support for their assertion that the irreparable harm standard should be applied to a Rule 67 motion, and it does not appear that such a showing is required from Plaintiffs. The cases cited by Defendants involved requests for temporary injunctions under Minnesota law. We have found no support for the suggestion that federal courts must consider state law regarding temporary injunctions when making a decision under Rule 67.

In this case, Plaintiffs have not made a particularly strong factual showing that any payments made to Defendant ProHome will be at risk. However, the funds due under the Franchise Agreement are in dispute, and the prejudice to Defendant ProHome if we allow Plaintiffs to make the payments (of approximately $4,700/month) to the Court

is outweighed by the potential prejudice to Plaintiffs if they are entitled to but unable to recover the sums at the conclusion of this case.

We are mindful of the fact that Defendants have filed a Motion to Compel Arbitration of this dispute. However, even if that Motion is granted and this matter goes to arbitration, our conclusion that Plaintiffs' instant Motion should be granted is not precluded by the potential obligation to submit the underlying dispute to arbitration. Section 19.07 of the Franchise Agreement provides:

> The obligation herein to arbitrate or mediate shall not be binding upon either party with respect to . . . requests by either party for temporary restraining orders, preliminary injunctions or other procedures in a court of competent jurisdiction to obtain interim relief when deemed necessary by such court to preserve the status quo or prevent irreparable injury pending resolution by arbitration of the actual dispute between the parties.

Plaintiffs' request to deposit payments under the Franchise Agreement into a Court-supervised account comprises a request to maintain the status quo between the parties or prevent irreparable injury. The use of Rule 67 is appropriate to effectuate the parties' stated intent.

J.M.M.