UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 01-1307(DSD/JMM)

Charles and Tracey Gundersen, and ProHome Twin Cities,

Plaintiffs,

v.

**ORDER**

ProHome, Inc., a Kansas corporation; and Jack H. Salmans; and Susann E. Salmans; and Larry W. Johnson,

Defendants.

This matter is before the court upon defendants' objections to Magistrate Judge John M. Mason's report and recommendation dated January 18, 2002 [Docket No. 29]. In the report, the magistrate judge recommended that defendants' motion to dismiss be denied and defendants' motion for a stay be granted with respect to the claims brought by plaintiff ProHome Twin Cities against defendant ProHome, Inc., and in all other respects be denied without prejudice. Defendants now object to the report, alleging that it erroneously (1) concluded that the individual plaintiffs did not agree to arbitrate their claims against ProHome, Inc, (2) refused to stay the claims asserted by the individual plaintiffs and (3) refused to stay the claims against the individual defendants. The court

FILED 2-26-02
RICHARD D. SLETTEN, CLERK
Judgment Ent'd. ________
Deputy Clerk's Initials ______

reviews each of the objections in turn and, after a de novo review of the record, adopts the magistrate judge's recommendations.

The magistrate judge correctly concluded that the individual plaintiffs did not agree to arbitrate their claims. "As a general rule, a guarantor who is not a signatory to a contract containing an arbitration clause is not bound by the arbitration clause." Grundstad v. Ritt, 106 F.3d 201, 204 (7th Cir. 1997)(citations omitted). However, "a nonsignatory guarantor of an agreement containing an arbitration provision may be bound by the arbitration provision when the particular guaranty *explicitly* incorporates the underlying agreement by reference." Id. at 204 n.4 (citations omitted).

Here, as the magistrate judge recognized, and as defendants concede, the individual plaintiffs are not parties to the contract containing the arbitration provision, the franchise agreement. Defendants cite no authority holding that the individual plaintiffs can be bound by the arbitration provision by virtue of their signatures on the guaranty and assumption of obligation. While the guaranty language states that each of the individual plaintiffs "agrees to be personally bound by, and personally liable for the breach of, each and every provision in the [Franchise] Agreement...," the guaranty does not make reference to the arbitration provision in the franchise agreement. See AgGrow Oils, L.L.C. v. National Union Fire Ins. Co., 242 F.3d 777, 782 (8th Cir.

2001)(finding incorporation clause did not reflect an intent of parties to the surety agreement to arbitrate their disputes); Grundstad, 106 F.3d at 205 (finding guarantor did not agree to arbitration clause within principal agreement, emphasizing that the guaranty did not refer to any undertaking by the guarantors to be bound personally to arbitrate disputes arising from the guaranty even though the guarantor agreed to guarantee "all of the provisions within the Agreement"). The court therefore concludes that the individual plaintiffs did not agree to be bound by the arbitration provision in the franchise agreement.

The magistrate judge also correctly denied defendants' request to stay claims asserted by the individual plaintiffs and those against the individual defendants. As the magistrate judge and defendants point out, the Eighth Circuit has stated that it makes "eminent sense" to stay the litigation when the non-arbitrable claims involve common questions of fact as to the claims that are subject to arbitration. Contracting Northwest, Inc. v. City of Fredericksburg, Iowa, 713 F.2d 382, 387 (8th Cir. 1983). Here, however, the magistrate judge correctly concluded that the record does not have the necessary information to determine if common questions of fact are involved. As a result, the court adopts the magistrate judge's recommendation that a discretionary stay is not appropriate at this time.

Accordingly, after conducting a de novo review of the file and record, the court adopts the magistrate judge's report and recommendation in its entirety. Therefore, **IT IS HEREBY ORDERED** that

1. Defendants' motion to dismiss is denied [Docket No. 5] and

2. Defendants' motion for a stay [Docket No. 5] is granted with respect to the claims brought by plaintiff ProHome Twin Cities against defendant ProHome, Inc., and in all other respects is denied without prejudice.

Dated: February 26, 2002

David S. Doty, Judge
United States District Court