UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

CHARLES AND TRACEY GUNDERSEN, individually and PROHOME TWIN CITIES, a Minnesota corporation, on behalf of themselves and as class representatives for others similarly situated,

Plaintiffs,

vs.

PROHOME, INC., a Kansas corporation and JACK H. SALMANS, SUSAN E. SALMANS and LARRY W. JOHNSON,

Defendants.

Case No. 01-CV-107 (DSD/JMM)

**[redacted]D REPORT AND RECOMMENDATION**

---

This matter is before the Court on Plaintiffs' Motion to Amend its First Amended Class Action Complaint to eliminate class allegations and join certain party plaintiffs in order to effectuate a settlement which has been agreed to. Because this amendment involves a voluntary dismissal pursuant to Rule 41 of class allegations and, given the language contained in Rule 23(e) regarding class notice, the parties have come before the Court to seek approval. For the reasons set forth below, this Court recommends that the amendment be granted.

**A. BACKGROUND**

In June, 2001, Tracey Gundersen, Charles Gundersen ("Gundersens") and ProHome Twin Cities commenced an action in Hennepin County District Court asserting

JUN 0 4 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

that they should not be bound by the terms of a franchise agreement they had entered into with ProHome, Inc., a corporation based in Wichita, Kansas. The Complaint alleged claims against ProHome, Inc., Jack H. Salmans, Susan E. Salmans and Larry W. Johnson ("Defendants") on behalf of the Gundersens and ProHome Twin Cities and sought both equitable and monetary relief. Defendants removed the Complaint to the United States District Court for the District of Minnesota pursuant to 28 U.S.C. § 1441.

On October 10, 2001, a First Amended Class Action Complaint was filed and served which clearly identified certain entities who wished to participate in the action, who had entered into separate legal services agreements with counsel for the Gundersens and ProHome Twin Cities and who wanted to assert claims similar to those brought on behalf of the Gundersens and ProHome Twin Cities. Those additional nine franchises were identified on Exhibit A to the First Amended Class Action Complaint. The First Amended Class Action Complaint also asserted claims on behalf of "others similarly situated" beyond the nine franchises identified on Exhibit A to the First Amended Class Action Complaint. The gravamen of the claims asserted in the First Amended Class Action Complaint is that certain misrepresentations were made by Defendants in connection with the offering and solicitation of the franchises and that, once entered into, the franchise agreements were breached by Defendants. The First Amended Class Action Complaint asserted legal claims for misrepresentation, breach of contract, RICO violations and conspiracy.

In response to the First Amended Class Action Complaint, Defendants brought a motion to compel arbitration which the Magistrate Judge ruled upon on January 18, 2002. A subsequent appeal of the Magistrate Judge's ruling to the District Court Judge resulted

in the ruling being upheld on February 26, 2002. Defendants then answered the Complaint and served a counterclaim on the named Plaintiffs asserting breach of contract and tortious interference with contract. The named Plaintiffs answered the Counterclaim on March 20, 2002. In accordance with the Court rulings, Defendants also commenced an arbitration proceeding before the American Arbitration Association involving some of the parties to the instant litigation.

During March and April, 2002, a series of exchanges took place before counsel regarding a pretrial scheduling order and resolution of this matter pursuant to Rule 26 of the Federal Rules of Civil Procedure. As part of those exchanges, several items became apparent. First, there are a very limited number of franchises "similarly situated" other than those identified on Exhibit A to the First Amended Class Action Complaint. Exhibit A to the First Amended Class Action Complaint identifies nine franchises (one of which indicated after the filing of the First Amended Class Action Complaint that it did not wish to participate further in the lawsuit) and it appears that, at most, only six additional franchises could be considered as potential class members. A part of the reason for the limited number is that Defendants own all, or a portion of, numerous other franchises and that a number of franchise locations are owned by the same entity or individual. This raised serious questions about the ability of the, yet to be appointed, class representatives to meet the numerosity requirement set forth in Rule 23 for class certification. Second, the six independent franchises who were "absent" have, according to representations made by counsel, shown little interest in the pending class action through contacting Plaintiffs' counsel. Third, the Defendants, while desirous of resolving the claims of those franchisees identified on Exhibit A to the First Amended Class Action Complaint,

expressed no desire to expand the number of parties with whom they would settle and compromise and indicated that they would vigorously oppose any effort to certify a class. Defendants indicated their opposition to class certification would focus, at least in part, on numerosity. The commonality of claims given the fact that each franchise agreement have differences and the solicitations involved slightly different offering circulars and the individualized nature of reliance for the asserted claims.

**B. THE APPLICABLE LEGAL STANDARDS**

Rule 15 of the Federal Rules of Civil Procedure provides that with respect to motions to amend pleadings, ". . . leave shall be freely given when justice so requires." Further, Rule 20 of the Federal Rules of Civil Procedure provides "All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally or in the alternative in respect of or arising out of the same transaction, occurrence or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." Further, Rule 41 of the Federal Rules of Civil Procedure governs the voluntary dismissal of claims. Finally, efforts to resolve claims is encouraged by federal courts. Armstrong v. Board of School Directors, 616 F.2d 305, 313 (7th Cir. 1980).

This matter is complicated by the pendency of pre-certification class allegations in the First Amended Class Action Complaint which, under some court rulings, impose on Plaintiffs' counsel and on class representatives an obligation to protect the interest of absent class members. However, as discussed below, that obligation does not apply when the action is in a pre-certification status, where the actions of the class representatives will not prejudice the rights of absent class members and where it becomes clear that

efforts at class certification will become futile. Class representatives are not required to engage in futile efforts at class certification on behalf of putative class members whose rights to bring their own action will be fully preserved and not prejudiced.

## C. THE REQUIREMENTS UNDER RULE 23 FOR CLASS CERTIFICATION WOULD NOT BE MET

Rule 23(a) of the Federal Rules of Civil Procedure provides certain prerequisites to the certification of a class action including that "the class is so numerous that joinder of all members is impracticable" and that "there are questions of law or fact common to the class." These provisions of Rule 23(a) of the Federal Rules of Civil Procedure cannot be met.

Based upon an investigation by Plaintiffs' counsel, a large number of the franchises who are putative class members are owned or managed, in whole or in part, by Defendants themselves. Given Defendants' ownership, those franchisees would be excluded (or would certainly opt out) from any class which would be certified and would not qualify for any class-wide relief obtained through this action. Furthermore, certain franchise agreements were entered into <u>after</u> the First Amended Class Action Complaint was filed and with knowledge of the pendency of the First Amended Class Action Complaint. These franchises would be excluded from any possible class definition. Therefore, after excluding those entities owned or managed in whole or in part by the Defendants and those entities which would be precluded from class relief given the timing of their purchase of a franchise, the total number of putative franchise class members would be 14.

Numerous courts have addressed the numerosity and joinder requirements of Rule 23 finding that a putative class consisting of few members is not certifiable because

joinder is not impracticable. See Wright, Miller and Kane, Federal Practice and Procedure: Civil 2d, Vol. 7A, § 1762 (1986). See also Lang v. Kansas City Power & Light, 199 F.R.D. 640 (W.D. Mo. 2001) finding sixteen claimants in a discrimination case "not a sufficiently large number to demonstrate numerosity" and Wilburn v. Steamship Trade Ass'n of Baltimore, 376 F. Supp. 1228 (D. Maryland 1974) finding a maximum class size of 26 in a discrimination action was "not so numerous as to make it impracticable to bring them all before the Court." Id. at 1233. In this case, the maximum number of franchises who would be served through a class action appears to be 14, after excluding those owned by the Defendants and those franchise agreements entered into after the filing of the First Amended Class Action Complaint. In such circumstances, the Court would find joinder is not impracticable and not certify a class.

Second, Defendants indicated an intent to vigorously object to class certification based upon a failure to meet the "commonality" prong of Rule 23 and based upon individualized reliance. The offering circulars containing the misrepresentations were distributed over time and varied slightly from franchise to franchise. While federal law requires the use of a Uniform Franchise Offering Circular ("UFOC") in the solicitation of franchises, the UFOC must be updated. In this case, the franchises which make up the putative class were solicited over a 6 year time period employing different "updated" UFOC's. In Lukenas v. Bryces Mountain Resort, Inc., 538 F.2d 594 (4th Cir. 1976), the Court stated, ". . . the rights of these parties, arising as they do out of fraudulent representations which may vary widely between purchases, are hardly suitable for class treatment." Id. at 596. Furthermore, the franchise agreements themselves have slight variations in the respective duties and responsibilities running by and between the

franchisor (Defendant ProHome, Inc.) and the franchisees. In Broussard v. Meinke Discount Muffler, 155 F.3d 331, 340 (4th Cir. 1998), the Fourth Circuit Court of Appeals found that, in a franchise case, class certification by the District Court was reversible in part because ". . . plaintiffs simply cannot advance a single collective breach of contract action on the basis of multiple different contracts." See also Sprague v. General Motors Corporation, 133 F.3d 388 (6th Cir. 1998) cited in Broussard at 340.

For these reasons, Plaintiffs seek to amend their complaint and voluntarily dismiss their class allegations in accordance with Rule 41 of the Federal Rules of Civil Procedure. Plaintiffs then seek to join certain entities and settle the claims of those entities. Under these circumstances, the Court must determine whether any prejudice will result to the absent parties.

## D. NO PREJUDICE WILL RESULT TO ABSENT CLASS MEMBERS

The proposed amendment and resulting settlement does nothing to restrict or prejudice the rights of the absent putative class members. No claims which could be asserted by the absent class members are released or dismissed pursuant to the proposed resolution of this matter. The absent class members are the beneficiaries of a tolling of the statute of limitations during the time period the class action was pending and are absolutely free to pursue their own claims in any forum they choose without having the terms or conditions of this dismissal or the resulting joinder and settlement effect their rights. American Pipe Construction Co. v. Utah, 414 U.S. 538, 94 S.Ct. 756; 38 L.Ed.2d 713 (1974). Furthermore, since the case has received no publicity and because it is pre-certification, no putative class members should have a level of reliance on the pendency of this matter to have caused them prejudice. However, despite the fact that Rule 23

requirements would not be met resulting in a denial of class certification and despite the fact that no prejudice appears to result from the dismissal, the Court is cognizant of its responsibility to protect the substantive and procedural due process rights of absent class members. In order to protect their rights, the issue is whether the few absent class members must be provided notice of the dismissal of this action.

**E. THERE IS NO CLASS NOTICE REQUIREMENT**

Class notice may be properly waived in the Court's discretion if the Court determines that no prejudice to the putative class will result. See Glidden v. Chromalloy American Corp., 808 F.2d 621, 626-28 (7th Cir. 1986) stating "Rule 23(e) does not invariably require notice when a case is settled prior to certification." Further, in Simer v. Rios, 661 F.2d 655, 666 (7th Cir. 1981), the court stated that "We believe that there are serious shortcomings with a rule that would require that Rule 23(e) be applied to all settled class actions which have not been certified." The Seventh Circuit Court went on to state ". . . rather than setting down an absolute rule (on class notice), we choose to place discretion in the district court to assess prejudice to absent class members caused by the settlement, the institutional costs of notice and a certification hearing, as well as other factors relevant to this determination."

In Larkin General Hospital v. AT&T, 93 F.R.D. 497 (E.D. Penn. 1982), the court found that as a matter of policy, the rule providing that notice of a proposed dismissal or compromise shall be given to all members of the class did not apply to motions for dismissal brought between the time the action is filed and the time of class certification. "Because the policies of Rule 23(e) would not be served by ordering notice in this case, it would truly be exalting form over substance to force plaintiff to bear what is in my view

a wholly unnecessary burden." Id. at 503 (citing H. Newburg, CLASS ACTIONS §§ 4950, 4960, at pp. 405-406 (1977). The Court also observed that Rule 23(e) requires such notice "as the Court directs." Id at 502.

In the instant action, no class has been certified and no notice of the pendency of the class action has been given to absent members of the putative class. Furthermore, any dismissal is without prejudice to those absent class members. As a result, due process problems do not arise and notice to the purported class of any dismissal pursuant to Rule 41(a) of the Federal Rules of Civil Procedure is unnecessary. However, the parties have agreed to notify the other franchises that this action will no longer be pending upon the approval of this Report and Recommendation by the District Court. That will alert any of the six absent class members that the statute of limitations regarding their claims is no longer tolled.

It is anticipated that, after the amendment of the Complaint is approved, eight entities from around the country will be joined in this proceeding to effect a settlement. Absent this Court's approval, it is possible that the settlement would not proceed and individual claims might be asserted in eight different jurisdictions which would frustrate the desires of the parties to resolve their differences and tax a large amount of judicial resources.

As noted by the Court in Simer, supra, "The legal system should favor and encourage the voluntary resolution of litigation. Settlements spare the judicial system the expense and time that is attendant to the full panoply of pretrial, trial and post-trial proceedings." Id at 665 citing Armstrong v. Board of School Directors, 616 F.2d 305, 313 (7th Cir. 1980). That is the case here.

**RECOMMENDATION**

For the reasons set forth above, it is recommended that:

1. The proposed amendment to the First Amended Class Action Complaint eliminating the class allegations and joining parties be granted. Plaintiffs shall file a Second Amended Complaint within ten days of the entry of this Order.

2. Nothing in this Order shall be construed to prejudice any rights by any franchises or individuals who are not joined in this action through the filing of the Second Amended Complaint.

3. The Parties will informally notify the absent class members within ten days of the entry of this Order that a class action is no longer pending before the Court.

Dated: June 4, 2002

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before June 19, 2002 a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

## *Featured Speakers Include:*

**District of Minnesota**

Judge David S. Doty

Judge Donovan W. Frank

Judge Paul A. Magnuson

Judge Ann D. Montgomery

Judge John R. Tunheim

Chief Magistrate Judge Jonathan Lebedoff

Magistrate Judge Arthur J. Boylan

**United States Bankruptcy Court**
**District of Minnesota**

Judge Robert J. Kressel

Application Pending for 7.5 CLE Credits including
2 Ethics and 1 Bias Credit

The Minnesota Chapter of the Federal Bar Association
c/o Kelly & Berens, P.A.
80 S. 8th Street, Suite 3720
Minneapolis, MN 55402

NON-PROFIT
ORGANIZATION
U.S. POSTAGE
PAID
Minneapolis, MN
Permit No. 2657

MINNESOTA CHAPTER OF
THE FEDERAL BAR
ASSOCIATION

In connection with
The Federal Judiciary

# *28th Annual Federal Court Practice Seminar*

**June 19, 2002**
**8:00 am—5:15 pm**

Minneapolis Convention Center
1301 Second Avenue South
Room 208
Minneapolis, MN 55402
(612) 335-6000

## Morning Session:

| | |
|---|---|
| 7:30-8:00 | **Registration** |
| 8:00-8:15 | **Opening Remarks and Welcome,** ***Judge Ann D. Montgomery*** |
| 8:15-9:00 | **Securities Law Issues in the Wake of Enron,** ***Timothy J. Warren (SEC Midwest Regional Office), Professor Niels Schaumann (William Mitchell College of Law), Karl L. Cambronne (Chestnut & Cambronne)*** |
| 9:00-9:45 | **Current Issues in Employment Law,** ***Judge Paul A. Magnuson, Linda L. Holstein (Parsinen Kaplan Rosberg & Gottlieb PA), John R. McDonald (Meagher & Geer, PLLP), Daniel Oberdorfer (Leonard, Street and Deinard)*** |
| 9:45-10:00 | **Morning Break** |
| 10:00-10:45 | **Current Initiatives in the U.S. Attorneys' Office,** ***Tom Heffelfinger (U.S. Attorneys Office)*** |
| 10:45-11:45 | **Discovery Disputes: Professionalism in the Practice of Law?,** ***Judge David S. Doty, Chief Magistrate Judge Jonathan Lebedoff, Magistrate Judge Arthur J. Boylan,*** |
| 11:45-12:45 | **Lunch (Room 211)** |

11:45-12:45 Lunch (Room 211)

## Afternoon Session:

| | |
|---|---|
| 12:45-1:30 | **The Clerk's Office Can Be Your New Best Friend,** ***Celeste Shahidi, Lou Jean Gleason, Mary Lenner, Gertie Simon, Andy Seldon*** |
| 1:30-2:15 | **How to Effectively Teach and Persuade in Patent or Intellectual Property Cases: Why, When and How,** ***Judge Donovan W. Frank, Becky R. Thorson (Robins, Kaplan, Miller & Ciresi), Stephen J. Davidson (Leonard, Street and Deinard)*** |
| 2:15-3:15 | **Issues in the Wake of 9/11: Racial Profiling --** ***Daniel M. Scott (U.S. Federal Public Defenders' Office)*****; Response by the Department of Justice --** ***Tony Brown (U.S. Attorneys Office)*** |
| 3:15:3:30 | **Afternoon Break** |
| 3:30-4:15 | **Update on Technology Tools for Litigating in Federal Court,** ***Judge John R. Tunheim, Judge Robert J. Kressel, Eric J. Magnuson (Rider, Bennett, Egan & Arundel)*** |
| 4:15-5:15 | **Ethics in "Real Life" Practice Situations,** ***Martin A. Cole (Lawyers Professional Responsibility Office)*** |

## *Seminar Registration*

☐ Member $195.00

☐ Non-Member $225.00

Name ____________________

Firm/Employer ____________________

Address ____________________

Phone ____________________

E-Mail ____________________

**Complete registration form and send with check payable to:**

**Minnesota Chapter, FBA**
**c/o Nancy Gustafson**
**Kelly & Berens, P.A.**
**Suite 3720 IDS Center**
**80 South Eighth Street**
**Minneapolis, Minnesota 55402**

**Not a Member? Join the FBA**

*To apply on-line or to download application form go to http://www.fedbar.org and click on "Join the FBA."*

Questions call: Barbara P. Berens, Vice President, Planning, Minnesota Chapter FBA (612)-349-6171

**Annual Seminar Planning Committee:**

Kristine M. Boylan, Meagher & Geer, P.L.L.P.

Catherine A. McEnroe, Leonard, Street and Deinard

Celeste M. Shahidi, U.S. Courthouse Minneapolis Building

Susan Nolting, U.S. Department of Justice

Maureen Watz Gornik, Warren E. Burger Federal Building